UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00399-KJD-PAL |
| Plaintiff, | ORDER |
| v. | (Mot. Sever – Dkt. #83) |
| CRAIG RUDOLPH, | |
| Defendant. | |

Before the court is Defendant Craig Rudolph's ("Rudolph") Motion for Severance (Dkt. #83). The court has considered the motion and the United States' Response (Dkt. #98).

## **BACKGROUND**

Rudolph is charged in an Indictment (Dkt. #1) returned December 17, 2014, with conspiracy in violation of 18 U.S.C. § 1349, and thirty-one counts of wire fraud in violation of 18 U.S.C. § 1343. The indictment alleges that Rudolph and his co-Defendants engaged in a false and fraudulent telemarketing scheme by offering to help small business owners obtain and attempt to obtain grants from public and private entities. The Defendants allegedly charged a fee for their services and knowingly made materially false and fraudulent representations and promises to induce business owners to pay their fees. The indictment alleges the conspiracy was carried out between 2007 and 2010, and that the Defendants organized and operating four telemarketing companies—Small Business Funding Co., Inc., Company Funds, Inc., Foundation Research, Inc., and Silver State Holding Company. Rudolph is alleged to have joined Foundation Research as a reloader in 2009, and left in June 2010.

Rudolph seeks to sever the trial of his case from the trial of his co-Defendants on the grounds his defense is based upon antagonistic mutually exclusive defenses with Bausch and the other co-Defendants. Specifically, Rudolph claims that he is connected to his multiple co-

1

Defendants and multiple charges in this case in only a very minor way. His defense will be that once he became aware that Bausch and Rodriques and other employees made extravagant promises to customers of his employer, he withdrew from further involvement by quitting his job. Withdrawal from the conspiracy before committing any illegal acts will likely be antagonistic to the defenses of the other co-Defendants who may have continued in a criminal enterprise. Rudolph is also concerned that he will be faced with statements from other co-Defendants. He cites *Krutelwich v. United States*, 336 U.S. 440, 445 (1949) for the proposition that a co-Defendant in a conspiracy trial "occupies an uneasy seat." He acknowledges that in *Zafiro v. United States*, 506 U.S. 334 (1993), the Supreme Court held that severance is not required in a case with multiple defendants with mutually exclusive defenses. However, *Zafiro* also found that a severance should be granted if there is a serious risk that a joint trial will compromise a specific right of a properly joined defendant or prevent a jury from making a reliable judgment about guilt or innocence. In this case, it is unfair to require individuals who may have only minimal guilt to participate in a joint trial. It gives the government a tactical advantage which is unfair and creates due process concerns for minimally involved defendants such as Rudolph.

The government opposes the motion arguing Rudolph has not met his burden of establishing an antagonistic defense that requires severance. The indictment alleges that the Defendants assume various roles in the fraudulent telemarketing scheme that targeted small business owners. Some of the Defendants acted as leaders and organizers. Some were managers and some were sales people. The indictment alleges that there were two categories of sales people—those who solicited victims to hire the telemarketer companies to perform purported services, and those who later solicited victims to pay for additional purported services. The second category of sales people were known as "reloaders". The indictment alleges that Rudolph was a reloader and knowingly made false statements to customers, participating in the scheme from 2009 to June 2010. Thus, the government disputes that he had only a minor connection to the fraudulent scheme.

The government argues that joinder of Defendants is almost always proper where proof of one conspiracy encompasses all of the Defendants. To obtain severance under Fed. R. Crim. P. 14, a defendant must show clear, manifest or undue prejudice from a joint trial. The Supreme Court has held that when Defendants are properly joined for trial under Rule 8(b), a district judge should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific right of one of the Defendants, or prevent the jury from making a reliable judgment about guilt or innocence. The Supreme Court has also held that a defendant is not entitled to severance because he would have a better chance of acquittal if tried separately. The Ninth Circuit has held that antagonistic defenses between Defendants are insufficient. In this case, Rudolph has not come close to meeting his heavy burden. He has not identified one or more defenses of his co-Defenses that are antagonistic to his own, or that his defenses are irreconcilable and mutually exclusive "such that a jury would necessarily disbelieve the court of his defense if it believes the court of the other defense."

The opposition did not address Rudolf's arguments a joint trial may implicate Rudolph's rights under *Bruton v. United States,).* 391 U. S. 123 (1968).

### DISCUSSION

**I.     Federal Rule of Criminal Procedure 8(a) (Joinder).**

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses or defendants in the same criminal indictment. Rule 8(a) allows for joinder of multiple offenses against a single defendant if the offenses are: (a) of the same or similar character; (b) based on the same act or transaction; or (c) connected with or constituting parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Rule 8 has been broadly construed in favor of joinder because joint trials conserve government funds, minimize inconvenience to witnesses and public authorities, and avoid delays in bringing a defendant to trial. *See United States v. Lane,* 474 U.S. 438, 449 (1986); *United States v. Jawara,* 474 F.3d 565, 572 (9th Cir. 2006) (citing *United States v. Friedman,* 445 F.2d 1076, 1082 (9th Cir. 1971)). Misjoinder of charges under Rule 8(a) is a question of law reviewed de novo. *Id.* (citing *United States v. Terry,* 911 F.2d 272, 276 (9th Cir. 1990)).

3

Generally, a valid basis for joinder must be discernible from the face of the indictment. *See Jawara,* 474 F.3d at 572 (citing *Terry,* 911 F.2d at 276, and *United States v. VonWillie,* 59 F.3d 922, 929 (9th Cir. 1995)). Mere factual similarity between the events is not a sufficient basis for joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994) (interpreting Rule 8(b), which governs joinder of two or more defendants in the same indictment). However, the term "transaction" is interpreted flexibly, and determining whether a "series" exists depends on whether there is a "logical relationship" between the transactions. *Id.* "A logical relationship is typically shown by the existence of a common plan, scheme, or conspiracy." *Id.* at 844 (internal citations omitted). A logical relationship may also be shown if the common activity constitutes a substantial portion of the proof of the joined charges. *Id.*

Rudolph does not claim that the indictment fails to comply with Rule 8(a) or that he was misjoined with his co-Defendants in the indictment. Rather, he seeks severance under Fed. R. Crim. P. 14.

## II. Federal Rule of Criminal Procedure 14 (Severance).

Rule 14 governs the severance of both defendants and charges. *Vasquez-Velasco,* 15 F.3d at 845. Even where joinder is proper under Rule 8(a) of the Federal Rules of Criminal Procedure, the court may order separate trials of counts or provide other relief that justice requires if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The court's power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978). Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Zafiro v. United States,* 506 U.S. 534, 538-39 (1993). The court's denial of a motion to sever is reviewed for abuse of discretion. *See United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004). "The test for determining abuse of discretion in denying severance under Rule 14 is whether a joint trial would be so prejudicial that the trial judge could exercise his discretion in only one way." *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir.), *cert. denied,* 449 U.S. 856 (1980)).

The Ninth Circuit has held that Rule 14 sets a high standard for showing prejudice, and the party seeking severance bears the burden of showing clear, manifest, or undue prejudice of such a magnitude that, without severance, the party will be denied a fair trial. *See United States v. Throckmorton,* 87 F.3d 1069, 1072 (9th Cir. 1996); *Vasquez-Velasco,* 15 F.3d at 845. Prejudice arises where: (a) the jury could confuse and cumulate the evidence of one charge to another; (b) the defendant could be prejudicially confounded in presenting his defenses (i.e., where a defendant wishes to testify in his own defense on one count but not another); and (c) the jury could erroneously conclude the defendant is guilty on one charge and therefore convict him on another based on his criminal disposition. *United States v. Johnson,* 820 F.2d 1065, 1070 (9th Cir. 1987) (citing *Drew v. United States,* 331 F.2d 85, 88 (D.C. Cir. 1964). Additionally, if there is a risk of prejudice, the Ninth Circuit has found it can be minimized with appropriate jury instructions, and "juries are presumed to follow their instructions." *See, e.g., Zafiro,* 506 U.S. at 540 (citing *Richardson v. Marsh,* 480 U.S. 200, 209 (1987)); *see also Vasquez-Velasco,* 15 F.3d at 847 (collecting cases regarding jury instructions concerning compartmentalizing evidence and spillover prejudice).

Rudolf has not met his burden of establishing that his defense is so mutually exclusive and mutually antagonistic to the defenses of his co-Defendants that severance is required. At most, he argues that his defense is that he withdrew from the conspiracy before any overt acts in furtherance of the conspiracy were committed and quit his job when he learned his employers were making extravagant promises to customers. "Mutually exclusive defenses are said to exist when acquittal of one codefendant would necessarily call for the conviction of another." *Collins v. Runnels*, 603 F. 3d 1127, 1131 n.2 (9th Cir. 2010) (quoting United States v. Tootick, 952 F 2d 1078, 1081 (9th Cir. 1991)). A defendant requesting severance on mutually antagonistic defenses "a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Rashkovski*, 301 F. 3d. 1133, 1138 (9th Cir. 2002) *(*quoting *United States v Throckmorton, 87 F. 3d 1069*, 1072 (9th Cir.1996)). Rudolph has not made this showing.

### III.    The *Bruton* Rule.

In *Bruton v. United States,* 391 U.S. 123, 126 (1968), the Supreme Court held that a defendant's Sixth Amendment right to confront and cross examine witnesses is violated when a facially incriminating confession of a non-testifying co-defendant is introduced at a joint trial, even if the jury is instructed to consider the confession only against the co-Defendant.  Under *Bruton* and its progeny, the admission of a non-testifying co-defendant's post-arrest statement violates the confrontation clause "when that statement facially, expressly, clearly, or powerfully implicates the defendant."  *United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008).

A co-defendant's confession expressly implicating the defendant as an accomplice is powerfully incriminating.  *Richardson v. Marsh*, 481 U.S. 200, 208 (1987) (quoting *Bruton*, 391 U.S. at 124 n.1, 135).  "A statement is not facially incriminating merely because it identifies a Defendant; the statement must also have a sufficiently devastating or powerful inculpatory impact to be incriminatory on its face."  *United States v. Angwin*, 271 F.3d 786, 796 (9th Cir. 2001), *overruled on other grounds by Untied States v. Lopez,* 484 F.3d 1186, 1200 n.17 (9th Cir. 2007) (citations and internal quotations omitted).  When a co-defendant's statement is not incriminating on its face, but becomes incriminating in context when linked to evidence introduced at trial, *Bruton* does not require severance.  *Richardson v. Marsh*, 481 U.S. 200, 208-209 (1987).  However, redaction and a proper limiting instruction may be necessary to avoid violation of the Confrontation Clause.  *Id.*

Admission of a non-testifying co-defendant's confession with a proper limiting instruction and redaction to eliminate the Defendant's name and any reference to his or her existence does not violate the Confrontation Clause.  *Gray v. Maryland*, 523 U.S. 185, 199 (1998) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).  However, redactions that simply replace a name with an obvious blank space or word such as "deleted" or a symbol or other similarly obvious indications of alteration violates *Bruton*.  *Gray*, 523 U.S. at 192, 195.

Here, Rudolph does not allege that any codefendant has made a confession expressly implicating him as an accomplice, or one that is devastating or powerfully incriminating on its

face. He also does not contend that a codefendant has made a confession or statement that while not incriminating on its face, may be powerfully incriminating in the context of evidence expected to be introduced at trial.

For the reasons stated,

**IT IS ORDERED** the Motion for Severance (Dkt #83) **is DENIED.**

DATED this 25th day of March, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE