# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRAIG RUDOLPH,

    Defendant.

Case No. 2:14-cr-00399-KJD-PAL
2:17-cv-00370-KJD

**ORDER**

Presently before the Court is Defendant's Motion to Vacate, Set Aside, or Correct the Sentence Pursuant to 28 U.S.C. § 2255 (#344). The Government filed a response (#352) to which Defendant replied (#362).

**I. Background**

On December 17, 2014, a federal grand jury returned an indictment charging Defendant and his co-conspirators with one count of conspiracy to commit wire fraud, and thirty-one counts of wire fraud. On May 21, 2015, Defendant signed a plea agreement, pleading guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. On February 23, 2016, Defendant was sentenced to a seventy-seven month term of imprisonment, consistent with the terms of the plea agreement. On February 3, 2017, Defendant filed the present motion, arguing ineffective assistance of counsel for his attorney's failure to advise him of the potential applicability of a minor role reduction under United States Sentencing Guidelines Section 3B1.2.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence where the sentence violates the Constitution or federal law, the sentencing court lacked jurisdiction, or the sentence exceeds the statutory maximum. A sentence may be collaterally attacked only where it constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was "deficient" in that it "fell below an objective standard of reasonableness;" and (2) the deficient performance "prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687–88 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. Id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984). Rather, a movant must establish that failure to pursue the tactic was "outside the wide range of professionally competent assistance." U.S. v. Houtchens, 926 F.2d 824, 828 (9th Cir. 1991).

To show prejudice, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The defendant must state specific facts that show but for counsel's deficient performance, a more favorable result would have resulted. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). The defendant does not prove prejudice by listing the things he thinks his attorney should have done, and speculating that, had he done them, there might have been a different outcome. See Gonzalez v. Knowles, 515 F.3d 1006, 1015–16 ("[Defendant] does not contend that he actually suffered from a mental illness; he merely argues that *if* tests had been done, and *if* they had shown evidence of some brain damage or trauma, it *might have* resulted in a lower sentence. Such

speculation is plainly insufficient to establish prejudice."). To show prejudice in the sentencing context, a petitioner must prove that, absent counsel's alleged deficient performance, the result of the sentencing proceeding would have been different. Glover v. U.S., 531 U.S. 198, 203–04 (2001). "Failure to satisfy either prong of the Strickland test obviates the need to consider the other." Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002).

**III. Analysis**

A. No Deficient Performance

Defendant argues his counsel was deficient for failing to bring up and potentially seek an additional two-point sentencing reduction for his alleged minor role, even though pursuing that argument would have been a breach of his plea agreement. However, the facts do not support that Defendant would have received a minor role reduction. Defendant played a key role in the fraudulent scheme, he was not less culpable than most other participants, nor could his role be described as minimal. See U.S.S.G. S 3B1.2, at n. 5; U.S. v. Laurienti, 611 F.3d 530, 552 (9th Cir. 2010) (holding a defendant who was not "the mastermind," nor even an essential character to the scheme at hand did not merit a minor role adjustment). Defendant participated in the conspiracy for nearly one year, knowingly made materially false statements to induce victims to pay money, and then engaged in wire fraud to facilitate the transfer of the money from the victims to the conspirators. That he received less benefit than others did does not make his participation any less critical, knowing, or impactful. Counsel's decision not to present and pursue what would have been a frivolous argument is no serious error and that Defendant simply disagrees with that tactical decision without more is not deficient performance.

B. No Prejudice Resulted

Beyond Defendant failing to show any deficient performance, he also does not show that any prejudice resulted from counsel's choice not to pursue a minor role reduction. Defendant would not have qualified for a minor role reduction, and Defendant's plea agreement afforded him a much shorter sentence of imprisonment than he likely otherwise would have received had he not entered

into the agreement. Defendant received a seventy-seven month sentence— the Pre-Sentencing Report's alternative Guidelines calculation was a sentence of 110 to 137 months with a specific recommendation of 120 months. That Defendant simply wished to be better informed on the breadth of the relevant guidelines that may or may not have applied to him did not prejudice the defense. Defendant's speculation of what might have happened had counsel taken a different course of action does not prove prejudice.

### C. No Evidentiary Hearing Required

Defendant requests, in the alternative, an evidentiary hearing to address his present motion. However, an evidentiary hearing is not required when "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." U.S. v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Further, no hearing is necessary when credibility can be conclusively decided on the basis of documentary testimony and evidence on the record. Shah v. United States, 878 F.2d 1156, 1160 (9th Cir. 1989). "Mere conclusory statements in a § 2255 motion are not enough to require a hearing." U.S. v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). The record demonstrates counsel provided effective assistance, and Defendant has not alleged any facts outside of the record or events outside of the courtroom that would require a hearing. Thus, this Court denies Defendant's request for an evidentiary hearing on this matter.

### D. Certificate of Appealability Denied

In order for Defendant to assert a right to appeal this final order, he must first warrant a certificate of appealability. 28 U.S.C. § 2253(b), (c)(1). To do so, Defendant must make "a substantial showing of the denial of a constitutional right," and "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The record is plain, and reasonable jurists would not debate that Defendant's motion lacks merit. Thus, this Court denies Defendant a certificate of appealability.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct the Sentence (#344) is **DENIED**;

IT IS FURTHER ORDERED that Defendant is **DENIED** a certificate of appealability.

DATED this 24th day of January, 2018.

_____
Kent J. Dawson
District Court Judge